**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PRITCHARD SERVICES INC. AND GENE SLIVKA,<br><br>Defendants. | CASE NO.: 2:26-cv-04398-DCN<br><br>**DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff, American Builders Insurance Company ("Builders"), by and through its undersigned counsel, hereby states the following as its complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure and alleges as follows:

**NATURE OF THE ACTION**

1. This insurance-coverage action concerns Builders' rights and obligations under two commercial general liability policies issued to Defendant Pritchard Services, Inc. ("Pritchard") with respect to claims asserted by Defendant Gene Slivka ("Slivka") in *Gene Slivka v. Pritchard Services, Inc., et al.*, C.A. No. 2023-CP-15-00537, pending in the Colleton County Court of Common Pleas (the "Underlying Action"). *See* Complaint, a copy of which is attached hereto as Exhibit A.

2. The Underlying Action concerns the design, selection, installation, attempted startup, repair, removal, and replacement of a Mitsubishi HVAC system at 6938 White Hall Road, Green Pond, South Carolina (the "Property").

3. Slivka alleges, among other things, that the Mitsubishi HVAC system was defectively installed, never properly operated, was subject to unsuccessful repair and startup efforts, and was ultimately removed and replaced with a different system.

4. Slivka seeks, among other relief, recovery of sums paid for the Mitsubishi equipment and installation, costs incurred to investigate and attempt to repair or start the system, costs to remove and replace the system, loss-of-use damages, consequential and incidental damages, attorney's fees, expert fees, prejudgment interest, and punitive damages.

5. Builders is defending Pritchard in the Underlying Action subject to a complete reservation of rights. *See* Reservation of Rights Letters, attached hereto as Exhibit B. Builders seeks a declaration that it has no duty to indemnify Pritchard for the claims and damages asserted in the Underlying Action or, alternatively, a declaration identifying and allocating any discrete covered damages after application of all policy terms, exclusions, endorsements, limits, deductibles, conditions, and South Carolina's time-on-risk rules.

6. Nothing in this Complaint constitutes an admission concerning Pritchard's liability in the Underlying Action. Builders denies that the allegations against Pritchard establish covered liability and reserves all rights under the Policies and applicable law.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Builders is a corporation organized and existing under the laws of Delaware with its principal place of business in Georgia.

9. Pritchard is a South Carolina corporation with its principal place of business in South Carolina.

10. Slivka is a citizen and resident of South Carolina.

11. The amount in controversy exceeds $75,000 because Slivka seeks damages substantially exceeding that amount and the coverage dispute concerns Builders' potential indemnity obligations under policies with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate.

12. This Court has personal jurisdiction over Defendants because they are South Carolina residents or entities and the events giving rise to this coverage dispute occurred in South Carolina.

13. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events or omissions giving rise to this action occurred in this District.

14. An actual, immediate, and justiciable controversy exists concerning the parties' respective rights and obligations under the Policies.

15. Slivka is joined as an interested party because he claims an interest in proceeds potentially available under the Policies. Builders seeks no damages from Slivka and joins him solely so that he will be bound by the coverage declarations entered in this action.

## THE PARTIES

16. Builders is authorized to issue insurance in South Carolina.

17. Pritchard performed mechanical and HVAC installation services at the Property and is the named insured under the Policies.

18. Kevin Pritchard was Pritchard's sole owner during the relevant work and testified as Pritchard's corporate designee under South Carolina Rule of Civil Procedure 30(b)(6) in the Underlying Action on June 30, 2026.

19. Slivka owns the Property and is the plaintiff in the Underlying Action.

## THE UNDERLYING ACTION

20. Slivka commenced the Underlying Action in the Colleton County Court of Common Pleas.

21. The operative Amended Complaint asserts claims against Pritchard and other defendants for negligence and gross negligence, breach of implied warranty of service, breach of contract, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.

22. Slivka alleges that the Property required unique HVAC equipment and that he pursued Mitsubishi equipment based on Mitsubishi's marketing and reputation.

23. Slivka alleges that Pritchard provided installation services and that Pritchard, Mitsubishi, and Epting Distributors, Inc. coordinated the design, purchase, and installation of the Mitsubishi system.

24. Slivka alleges that the system failed to operate properly at any point and that Pritchard failed to install it adequately or in compliance with applicable codes, industry standards, manufacturer requirements, and the applicable standard of care.

25. Slivka alleges that Pritchard failed to select and install components properly; supervise employees or agents; qualify or certify installers; advise him of installation deficiencies; correct observed deficiencies; and repair known defects.

26. Slivka alleges that later contractors attempted unsuccessfully to make the Mitsubishi system operate and that the system was ultimately abandoned, removed, and replaced with a different system in 2025.

27. Slivka seeks return of sums paid for equipment, parts, and installation; costs incurred in unsuccessful repair and startup efforts; removal and replacement costs; loss of use of the Property; actual, consequential, and incidental damages; punitive damages; attorney's fees; expert fees; costs; and prejudgment interest.

28. Builders repeats that the allegations summarized above are allegations only and are not admitted as true.

## RELEVANT DEPOSITION TESTIMONY AND DEVELOPED FACTS

29. Kevin Pritchard testified as Pritchard's designated corporate representative concerning Pritchard's work at the Property. *See* Transcript, attached hereto as Exhibit C.

30. Kevin Pritchard testified that Pritchard and its employees performed Pritchard's HVAC work and that Pritchard did not use subcontractors for its installation at the Property.

31. Kevin Pritchard identified Pritchard's employees Dalton King and Ben Walford as the individuals who worked with him on the project.

32. Kevin Pritchard testified that Pritchard installed the HVAC system over approximately eight months.

33. Pritchard's operations included installing or routing HVAC equipment, ductwork, refrigerant lines, drain lines, and related components throughout the Property.

34. Kevin Pritchard testified that the locations and routing of ductwork, refrigerant lines, drain lines, and other components were changed during construction.

35. Kevin Pritchard testified that Epting performed or supplied Manual J and Manual D calculations and a duct layout addressing equipment sizing and duct design, and that Pritchard relied on or worked from that information.

36. Kevin Pritchard testified that by May 12, 2020, the system had been installed but had not been started.

37. Kevin Pritchard testified that remaining startup work included installing thermostats or controllers, evacuating the system, and starting it.

38. Kevin Pritchard testified that he refused to start the system while the Property lacked Sheetrock, finished floors, ceilings, windows, and doors because construction dust and debris could contaminate and ruin the HVAC equipment.

39. Kevin Pritchard testified that Pritchard never returned to start the system.

40. Kevin Pritchard testified that, when Pritchard left the Property, the refrigerant lines remained under a nitrogen hold; no refrigerant had been introduced; no thermostats or controllers had been installed; and notes inside the condenser instructed that the system had to be purged and evacuated before startup.

41. Kevin Pritchard testified that some ductwork shown in a later Mitsubishi report appeared to be Pritchard's work.

42. Kevin Pritchard testified that other later-observed conditions—including additional control wiring, controllers, cut copper, dryers, and moisture—were not conditions in which Pritchard left the system or were not work Pritchard performed.

43. Kevin Pritchard testified that he had no firsthand knowledge of the work later contractors performed, whether that work was correct, when the later work occurred, or whether the system ever operated.

44. The developed facts establish that the underlying claims concern, in whole or substantial part, the alleged inadequacy of Pritchard's own operations and furnished HVAC work, efforts by others to complete or correct that work, and the ultimate removal and replacement of the Mitsubishi system.

**THE POLICIES**

45. Builders issued Commercial General Liability Policy No. GLP 0287100 00 to Pritchard for the period June 27, 2019 to June 27, 2020 (the "2019 Policy"). *See* 2019 Policy, attached hereto as Exhibit D.

46. Builders issued Commercial General Liability Policy No. GLP 0287100 01 to Pritchard for the period June 27, 2020 to June 27, 2021 (the "2020 Policy"). *See* 2020 Policy, attached hereto as Exhibit E.

47. The Policies each provide a $1,000,000 each-occurrence limit and $2,000,000 aggregate limits, subject to all terms, exclusions, endorsements, deductibles, and conditions.

48. The Policies provide that Builders will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies.

49. The Policies apply to "property damage" only if the property damage is caused by an "occurrence" in the coverage territory and occurs during the applicable policy period.

50. The Policies define "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

51. The Policies define "property damage" as physical injury to tangible property, including resulting loss of use, or loss of use of tangible property that is not physically injured.

52. The Policies define "your work" to include work or operations performed by Pritchard or on its behalf and materials, parts, or equipment furnished in connection with that work or those operations.

53. "Your work" also includes warranties or representations made concerning the fitness, quality, durability, performance, or use of Pritchard's work and the providing of or failure to provide warnings or instructions.

54. The Policies define "your product" to include goods or products manufactured, sold, handled, distributed, or disposed of by Pritchard, together with containers, materials, parts, or equipment furnished in connection with those goods or products.

55. The Policies define "impaired property" to include tangible property, other than Pritchard's product or work, that cannot be used or is less useful because it incorporates allegedly defective or inadequate work or because Pritchard failed to fulfill a contract, if the property can be restored to use by repair, replacement, adjustment, or removal of Pritchard's work or by fulfillment of the contract.

56. The Policies contain exclusions and endorsements that independently preclude or limit coverage, as alleged in the causes of action below.

57. The Policies are incorporated by reference and control over any summary or paraphrase in this Amended Complaint.

**FOR A FIRST CAUSE OF ACTION**
**Declaratory Judgment**
**(No Covered "Property Damage" caused by an "Occurrence")**

58. Builders incorporates by reference the allegations set forth in the preceding paragraphs.

59. The insuring agreements require covered "property damage" caused by an "occurrence" during a Policy period.

60. The cost to complete, correct, investigate, inspect, repair, remove, replace, or make good allegedly defective work is not physical injury to tangible property merely because the work failed to perform as promised.

61. Slivka's claims for return of the purchase price, deficient installation, failed performance, unsuccessful startup and repair efforts, and replacement of the Mitsubishi system seek the benefit of the bargain and recovery of economic losses associated with Pritchard's allegedly defective work.

62. Faulty workmanship that damages only the faulty work or furnished equipment itself does not constitute covered property damage caused by an occurrence.

63. To the extent Slivka alleges physical injury to other property, Defendants must identify the separate, previously non-defective property allegedly injured; the accidental event or harmful condition that caused the injury; when the injury occurred; and the damages attributable to that injury.

64. Builders is entitled to a declaration that it has no duty to indemnify Pritchard for amounts that do not constitute damages because of covered "property damage" caused by an "occurrence" during a Policy period.

## FOR A SECOND CAUSE OF ACTION
**Declaratory Judgment**
**(Exclusions j(5) and j(6))**

65. Builders incorporates the preceding paragraphs.

66. Exclusion j(5) bars coverage for property damage to that particular part of real property on which Pritchard or persons working on its behalf are performing operations if the property damage arises out of those operations.

67. The underlying allegations and developed facts concern operations performed on the Mitsubishi HVAC system and the portions of the Property into which HVAC equipment, ductwork, refrigerant lines, drains, wiring, controllers, handlers, condensers, and related components were installed or routed.

68. Kevin Pritchard's testimony establishes that Pritchard's installation and startup operations were not complete when Pritchard left: the system had not been evacuated, charged with refrigerant, started, or fitted with controllers. Later contractors separately performed additional completion, startup, correction, or repair work, the coverage consequences of which depend on causation, timing, and whether Pritchard is legally responsible for that work.

69. Exclusion j(5) bars coverage for property damage occurring while Pritchard or persons acting on its behalf were performing operations on those particular parts, if the damage arose out of the operations.

70. Exclusion j(6) bars coverage for property damage to that particular part of any property that must be restored, repaired, or replaced because Pritchard's work was incorrectly performed on it.

71. Slivka alleges the system and connected components required investigation, correction, repair, removal, and replacement because Pritchard allegedly installed them incorrectly.

72. To the extent claimed damage is included in the products-completed-operations hazard and therefore falls within the exception to j(6), coverage remains subject to the insuring agreement, the modified exclusion l endorsements, and all other applicable exclusions.

73. Builders is entitled to a declaration applying exclusions j(5) and j(6) to the underlying damages within their terms.

**FOR A THIRD CAUSE OF ACTION**
**Declaratory Judgment**
**(2019 Resulting Damage Coverage Endorsement)**

74. Builders incorporates the preceding paragraphs.

75. The 2019 Policy includes Form GL RFWE 10 13, Resulting Damage Coverage, which replaces exclusion l for Pritchard's work connected with residential structures.

76. The endorsement excludes any claim or suit for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good faulty, defective, or poor workmanship in Pritchard's work for which Pritchard or its employees, contractors, or subcontractors may be liable.

77. The endorsement's exception applies only to property damage sustained by other property caused by faulty, defective, or poor workmanship in Pritchard's work.

78. Slivka's claimed costs for the Mitsubishi system, unsuccessful attempts to make it operate, inspection, repair, removal, replacement, and system-based loss of use fall within the exclusion to the extent they seek to make good Pritchard's allegedly faulty work.

79. Kevin Pritchard testified that Pritchard performed the installation through its own employees and did not use subcontractors at the Property.

80. Builders is entitled to a declaration that Form GL RFWE 10 13 bars the costs of making good Pritchard's work and preserves, at most, proven property damage to identified other property that is not otherwise excluded.

**FOR A FORTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Modified "Your Work" Exclusion)**

81. Builders incorporates the preceding paragraphs.

82. The 2020 Policy includes Form GL ESCW 01 07, which replaces exclusion l and excludes property damage to Pritchard's work arising out of it or any part of it and included in the products-completed-operations hazard.

83. The endorsement does not contain the standard exception for work performed by subcontractors.

84. In any event, Kevin Pritchard testified that Pritchard used its own employees and no subcontractors for its work at the Property.

85. If the claimed property damage occurred after Pritchard's work was completed or abandoned and is included in the products-completed-operations hazard, Form GL ESCW 01 07 bars damage to Pritchard's work arising out of it or any part of it.

86. Builders is entitled to a declaration applying the 2020 modified "your work" exclusion to all underlying damages within its terms.

**FOR A FIFTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Damage to "Your Product," Impaired Property, and Recall Exclusions)**

87. Builders incorporates the preceding paragraphs.

88. Exclusion k bars property damage to Pritchard's product arising out of the product or any part of it.

89. To the extent Pritchard sold, handled, distributed, or furnished HVAC equipment or components as products, exclusion k bars property damage to those products arising out of them or any part of them.

90. Exclusion m bars property damage to impaired property or property that has not been physically injured arising from a defect, deficiency, inadequacy, or dangerous condition in Pritchard's product or work, or from Pritchard's delay or failure to perform a contract according to its terms.

91. Slivka seeks loss-of-use damages because the Property allegedly lacked a functioning HVAC system for years.

92. To the extent the Property was not physically injured but was less useful because it incorporated Pritchard's allegedly deficient work or because Pritchard allegedly failed to perform its contract, exclusion m applies.

93. The exception to exclusion m does not apply absent sudden and accidental physical injury to Pritchard's product or work after it was put to its intended use.

94. Slivka alleges the system never operated properly, and Kevin Pritchard testified the system was never started while under Pritchard's control.

95. Exclusion n bars damages claimed for loss of use, withdrawal, inspection, repair, replacement, adjustment, removal, or disposal of Pritchard's product, work, or impaired property when withdrawn or recalled from use because of a known or suspected defect, deficiency, inadequacy, or dangerous condition.

96. Slivka alleges the Mitsubishi system was abandoned, removed, and replaced because it was defective, deficient, or inadequate.

97. Builders is entitled to a declaration applying exclusions k, m, and n to all underlying damages within their terms.

**FOR A SIXTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Professional Services and Testing or Consulting Exclusions)**

98. Builders incorporates the preceding paragraphs.

99. The Policies include the following endorsements: Form CG 21 16 04 13, Exclusion—Designated Professional Services; Form CG 22 43 04 13, Exclusion—Engineers, Architects or Surveyors Professional Liability; Form CG 22 79 04 13, Exclusion—Contractors—Professional Liability; Form CG 22 34 04 13, Exclusion—Construction Management Errors and Omissions; and Form CG 22 33 04 13, Exclusion—Testing or Consulting Errors and Omissions.

100. These endorsements exclude, within their respective terms, bodily injury, property damage, or personal and advertising injury arising from designated professional services; architectural, engineering, or surveying services; preparation or approval of drawings, specifications, opinions, reports, field orders, or change orders; related supervisory, inspection, or quality-control activities; construction-management professional activities; testing; evaluation; consultation; advice; reporting; or reliance on such services.

101. Slivka alleges coordinated design, equipment selection, qualification, certification, supervision, inspection, training, compliance with manufacturer requirements, and advice concerning the Mitsubishi system.

102. Kevin Pritchard testified that Epting performed or supplied Manual J and Manual D calculations and a duct layout addressing equipment sizing and duct design, and that Pritchard relied on or worked from that information.

103. To the extent liability against Pritchard arises from rendering or failing to render services within the scope of any professional-services or testing/consulting endorsement, the applicable endorsement bars coverage.

104. Builders acknowledges that Form CG 22 79 distinguishes professional services from construction means, methods, techniques, sequences, and procedures. Builders seeks application of each endorsement according to its text and the basis of any liability imposed—not an expansion beyond the endorsement's terms.

105. Builders is entitled to a declaration that the applicable professional-services and testing/consulting endorsements bar all underlying damages within their terms.

**FOR A SEVENTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Expected or Intended Injury and Punitive Damages)**

106. Builders incorporates the preceding paragraphs.

107. Exclusion a bars bodily injury or property damage expected or intended from the standpoint of the insured.

108. Slivka alleges willful, intentional, wanton, and reckless conduct, including an alleged intentional failure to repair known defects and concealment of defects.

109. To the extent any adjudicated property damage was expected or intended from Pritchard's standpoint, exclusion a bars coverage for that property damage.

110. Punitive damages are not independently covered absent liability for damages because of covered bodily injury or property damage.

111. To the extent punitive damages are imposed because Pritchard expected or intended the resulting property damage, exclusion a independently bars coverage.

112. Builders is entitled to a declaration that exclusion a and the Coverage A insuring agreement apply to punitive damages according to the factual basis on which such damages, if any, are awarded.

**FOR AN EIGTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Expected or Intended Injury and Punitive Damages)**

113. Builders incorporates the preceding paragraphs.

114. Coverage A applies only to sums Pritchard becomes legally obligated to pay as damages because of covered bodily injury or property damage.

115. Slivka's breach-of-contract and warranty claims seek, among other things, return of sums paid and the economic benefit of a functioning HVAC system.

116. Return of the purchase price, diminution in value attributable solely to deficient work, the cost to obtain conforming work, and other benefit-of-the-bargain losses are not damages because of physical injury to tangible property merely because they arise from defective work.

117. The contractual-liability exclusion additionally applies only to the extent Pritchard assumed another party's liability in a contract or agreement and no exception restores coverage. Builders does not allege that the exclusion eliminates Pritchard's own ordinary breach-of-contract liability merely because a contract exists.

118. Builders is entitled to a declaration that contract, warranty, and economic-loss damages are not covered unless Defendants prove they constitute damages because of covered property damage and are not otherwise excluded.

**FOR A NINTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Attorney's Fees, Expert Fees, Costs, and Interest)**

119. Builders incorporates the preceding paragraphs.

120. Slivka seeks attorney's fees, expert fees, costs, and prejudgment interest.

121. Attorney's fees and expert fees incurred to investigate, prosecute, or prove defective work do not themselves constitute physical injury to tangible property or loss of use caused by an occurrence.

122. The Supplementary Payments provision states that court costs taxed against the insured do not include attorney's fees or attorney expenses taxed against the insured.

123. Any obligation concerning prejudgment or post-judgment interest is limited to the express terms of the Policies and applies only to the portion of a judgment, if any, that Builders is obligated to pay.

124. Builders is entitled to a declaration that it has no obligation to indemnify Pritchard for attorney's fees, expert fees, litigation expenses, costs, or interest except to the extent expressly provided by the Policies.

## FOR A TENTH CAUSE OF ACTION
**Declaratory Judgment**
**(Policy Period, Known Injury, Intervening Work, and Causation)**

125. Builders incorporates the preceding paragraphs.

126. The Policies apply only to property damage occurring during their respective policy periods.

127. Defendants must establish when any claimed physical injury to tangible property occurred and that it occurred during a Builders Policy period.

128. The Policies also provide that coverage does not apply to continuation, change, or resumption of property damage that an insured knew, before the applicable policy period, had occurred in whole or in part, subject to the Policies' specific knowledge provisions.

129. Later contractors performed operations on or altered the Mitsubishi system after Pritchard left the Property.

130. Kevin Pritchard identified later-observed wiring, controllers, cut copper, dryers, and moisture conditions that Pritchard did not install or create, while disclaiming firsthand knowledge of who performed the later work or when it occurred.

131. Builders has no duty to indemnify Pritchard for damage caused solely by independent acts or omissions of later contractors or other persons for whom Pritchard is not legally responsible.

132. Builders is entitled to a declaration limiting any indemnity obligation to proven covered property damage caused by an occurrence, attributable to Pritchard's covered liability, and occurring during a Builders Policy period.

## FOR AN ELEVENTH CAUSE OF ACTION
**Declaratory Judgment**
**(Time on Risk and Allocation of Covered and Non-Covered Damages)**

133. Builders incorporates the preceding paragraphs.

134. If property damage progressed across multiple policy periods, South Carolina law allocates covered damages according to each insurer's time on the risk.

135. Builders is responsible, at most, for the portion of covered property damage occurring during its Policy periods, subject to all exclusions, limits, deductibles, and conditions.

136. Any uninsured periods or periods insured by other carriers must be included in the allocation as required by South Carolina law.

137. Covered and noncovered damages must also be allocated by category and factual basis.

138. Any judgment or settlement must distinguish, at minimum, among: defective work and furnished equipment; physical injury to identified other property; loss of use of physically injured property; loss of use of uninjured or impaired property; contract and warranty damages; purchase-price or benefit-of-the-bargain damages; investigation and expert costs; attorney's fees and litigation expenses; interest; and punitive damages.

139. The cost of removing or replacing Pritchard's defective work remains excluded even if removal or replacement is incidental to accessing or repairing covered resulting damage.

140. Builders is entitled to declarations requiring time-on-risk allocation and allocation between covered and noncovered damages.

**FOR A TWELFTH CAUSE OF ACTION**
**Declaratory Judgment**
**(Fungi or Bacteria Exclusion and Endorsement)**

141. Builders incorporates the preceding paragraphs.

142. The Policies include a Fungi or Bacteria Exclusion and a Limited Fungi or Bacteria Coverage endorsement.

143. To the extent any party seeks damages that would not have occurred but for actual, alleged, or threatened fungi or bacteria, or costs to test for, monitor, clean up, remove, contain, treat, remediate, or assess fungi or bacteria, coverage is governed and limited by those endorsements.

144. The Limited Fungi or Bacteria Coverage endorsement provides a $2,500 each-occurrence and aggregate limit, inclusive of specified defense expenses and other costs, subject to a $2,000 per-occurrence deductible.

145. Builders does not allege that the present operative Underlying Amended Complaint expressly seeks fungi or bacteria damages. Builders seeks this declaration only if Defendants contend that alleged moisture, rot, mold, fungi, or bacteria damages fall within the Policies.

146. Builders is entitled to a declaration applying the Fungi or Bacteria Exclusion and Limited Fungi or Bacteria Coverage endorsement to any such damages asserted or proven.

**PRAYER FOR RELIEF**

WHEREFORE, Builders respectfully requests that the Court:

A. Declare the parties' rights and obligations under the Policies;

B. Declare that Builders has no duty to indemnify Pritchard for the claims or damages asserted in the Underlying Action;

C. Alternatively, declare which discrete categories of damages, if any, satisfy the insuring agreement and are not excluded or limited;

D. Declare that exclusions j(5) and j(6), the 2019 Resulting Damage Coverage endorsement, the 2020 modified "your work" exclusion, exclusions k, m, and n, the professional-services and testing/consulting endorsements, exclusion a, and all other applicable terms apply according to their language and the factual basis of liability;

E. Declare that Builders has no obligation to indemnify Pritchard for the cost to complete, correct, investigate, inspect, repair, remove, replace, or make good Pritchard's allegedly defective work or furnished equipment;

F. Declare that Builders has no obligation to indemnify Pritchard for noncovered contract, warranty, purchase-price, benefit-of-the-bargain, attorney-fee, expert-fee, cost, interest, or punitive-damage amounts except to the extent expressly covered under the Policies;

G. Declare that Builders has no obligation for damage caused solely by independent acts or omissions of persons for whom Pritchard is not legally responsible;

H. If any covered progressive property damage is found, determine the period during which it occurred and allocate it according to Builders' time on the risk;

I. Require allocation of any judgment or settlement between covered and noncovered damages and determine the amount, if any, payable under each Policy after application of all exclusions, endorsements, deductibles, limits, and conditions;

J. Award Builders its taxable costs to the extent permitted by law; and

K. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ETHRIDGE LAW GROUP, LLC

By: *s/ Mary S. Willis*
MARY S. WILLIS
Federal Bar No.: 12388
R. MICHAEL ETHRIDGE
Federal Bar No.: 7497
1100 Queensborough Blvd., Suite 200
Mount Pleasant, SC 29464
843-614-0007
mwillis@ethridgelawgroup.com
methridge@ethridgelawgroup.com

*Attorneys for Plaintiff American Builders Insurance Company*